STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-10-049
PAF - YOR - 7/15/2011

GAY EHLER, Trustee of the Abbott W.
Geyer Trust of 1997, et al.,

Plaintiffs

v.

CHARLES RUSSELL,

Defendant

**ORDER AND JUDGMENT**
(TITLE TO REAL ESTATE AFFECTED)

THE PARTIES - The Plaintiffs are Gay Ehler of 23 Dovetail Lane in Dover, New Hampshire, Cornelia V. Rathbone of 2 Woodland Street in Palmer, Massachusetts, David W. Stonebraker of Hebron, Maine, Peter W. Stonebraker of Deerfield, Illinois, Leslie Karen Stonebraker of Sharon, Massachusetts, and Sandra Marion Stonebraker of Sharon, Massachusetts. They were represented by Matthew W. Howell of York, Maine.

The defendant is Charles Russell of Lebanon, Maine. He was represented by Christopher E. Pazar of Portland, Maine.

DOCKET NUMBER - The docket number is CV-10-49.

NOTICE - All parties have received notice of the proceedings in accordance with the applicable provisions of the Maine Rules of Civil Procedure.

THE REAL ESTATE - The Plaintiffs are members of an extended family who share ownership of approximately 13 acres on the northerly side of T. M. Wentworth Road in Lebanon, Maine. Their property abuts Milton Pond and is designated as Tax

Map U-13, Lot 20. Also see deeds at Book 8616, page 121, Book 15276, page 656, and Book 11457, pages 54, 56, 58 and 60.

The defendant owns land along Pickerel Cove of Milton Pond to the west of the plaintiffs' land. See Book 14448, page 469 and Tax Map U-13, Lot 16.

The disputed real estate is approximately 1.5 acres in size and contains the defendant's home, garage and most of his deck. The area is the dotted shaded area shown on the Boundary Line Plan for a Portion of the Property off T. M. Wentworth Road, Lebanon, York County, Maine, of November 18, 2009 prepared by Kenneth D. Markley of North Easterly Surveying, Inc. of Kittery, Maine. *See* Defendant's Exhibit 6.

## THE PLEADINGS

The plaintiffs have filed an amended complaint which consists of a request for a declaratory judgment in Count 1 and a quiet title action in Count 2. Both counts seek a determination that they, and not the defendant, own the disputed area.

The defendant has answered and filed a four-count counterclaim. Count I seeks a declaratory judgment that defendant is the owner of the disputed area. Count II seeks ownership of the disputed area and an additional area near the defendant's well based on the doctrine of adverse possession. Count III seeks title by acquiescence while Count IV seeks the same result based on estoppel. The case has been tried and argued.

## THE BOUNDARY

Each party presented the testimony of a surveyor in an attempt to determine where the common boundary was. The difficulty in this case, as with many larger, older parcels, is that the original deeds were abutters deeds describing the parcels as being bound by land of other people. While the location of a road and the pond can be readily determined, where the ill-defined boundary of a former property owner's land

2

was is much more difficult. References have been made to natural objects that no longer exist and errors have been made in the few measurements that do exist. The task of locating number free boundaries where no precise directions or any distances exist is challenging. Even lot size estimates proved unreliable.

I am overall more convinced that the boundary by deed is as suggested by the plaintiffs. Mr. Markley filed a survey report outlining his reasons, which I found more convincing than the defendant's presentation.

However, the boundary must be modified based on adverse possession. The defendant has demonstrated that he, or his predecessors in title, has met all of the requirements to obtain ownership of a portion of the disputed property. *See Striefel v. Charles-Keyt-Leaman Partnership*, 1999 ME 111, ¶6, 733 A.2d 984, 989. Starting over 30 years ago owners, including a William Trainor, used a substantial portion of the disputed area for a tennis court, parking and a helicopter pad. Also, see the photos in evidence and the testimony of Thaddeus Barbour. The plaintiffs were fully aware of these "encroachments" and, in part, because of either a hope of selling the land or because of the divided family ownership did nothing. Likewise a portion of the land near the defendant's well which is clearly owned by the plaintiffs has been acquired by adverse possession.

The defendant has acquired ownership through adverse possession to a portion of the dotted disputed area shown on the Boundary Line Plan of November 18, 2009. The defendant has acquired ownership of the area on the westerly half of the peninsula or point extending into Milton Pond. He has also acquired ownership from the pond heading generally southerly past the retaining wall, existing garage, paved driveway, deck and existing house to the tree line. The defendant has lastly acquired title to the land to the east of the dark solid line showing the boundary as found by North Easterly

3

Surveying, Inc. to the "Approximate Treeline". This area includes the well now used by the defendant.

The alternative claims of the defendant in Counts III and IV of the counterclaim need not be resolved.

The entries are:

Judgment for the plaintiffs in part on Counts 1 and 2 of the amended complaint. It is declared that according to the deeds of the parties and based on the Boundary Line Plan of November 18, 2009 by North Easterly Surveying, Inc. they were the record owners of the disputed parcel.

Judgment for the plaintiffs on Count I of the counterclaim.

Judgment for the defendant on Count II of the counterclaim. The defendant is the owner by adverse possession of the disputed area on the point, the disputed area north of the tree line to the pond and that portion of the area owned by the plaintiffs from the easterly boundary of the disputed area to the "Approximate Treeline" including the well. *See* Exhibit A to this order and judgment showing area acquired by adverse possession that is not on the point.

Counts III and IV of the counterclaim are dismissed.

No costs to any party. The defendant shall record an attested of the judgment and pay the appropriate recording fees.

Dated:     July 15, 2011

Paul A. Fritzsche
Justice, Superior Court

The appeal period has expired without action or final judgment has been entered after remand following appeal.

_____
Date

_____
Clerk, Superior Court

4



LAND CLAIMED BY GEYER, RATHBONE
AND STONEBRAKERS (LOT 20) AND
CHARLES RUSSELL (LOT 16)
[POSSIBLE ENCROACHMENTS]

N 29°30'50" W

713.21'

N 29°20' W

29.72'

L

"COVE"

Retaining
Wall

Gravel

Well W

Approximate Treeline

Existing
Garage

Deck

Existing
House

N/F
ROBERT & TERESA ENOS
TAX MAP U-13 LOT 16A
Y.C.R.D. BOOK 14028 PAGE 595

Paved Driveway

N/F
TERESA ENOS
U-13 LOT 15
14028 PAGE 595

IS
AREA ACQUIRED
INSIDE DARK
LINES

EXHIBIT A

Y.C.R

Ella E. Geyer
Y.C.R.D. Book 499 Page 227
Dated May 11, 1899

Samuel & Mary A. Jones

Edge Of Pavement

ATTORNEY FOR PLAINTIFFS:
MATTHEW W HOWELL
CLARK & HOWELL, LLC
PO BOX 545
YORK ME   03909


ATTORNEY FOR DEFENDANT:
CHRISTOPHER PAZAR
DRUMMOND & DRUMMOND
ONE MONUMENT WAY
PORTLAND ME   04101